# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**FREEDOM WATCH, INC.,**

        **Plaintiff,**

**v.**                                                        **Case No:  5:13-cv-26-Oc-22PRL**

**BARACK OBAMA, JOSEPH R. BIDEN,
OBAMA GUN CONTROL TASK FORCE,
JOHN DOES 1-99, JANE DOES 1-99,**

        **Defendants.**

_____

## ORDER

This cause comes before the Court on the Motion to Dismiss (Doc. No. 10) of Defendants Barack Obama, Joseph R. Biden, Obama Gun Control Task Force, John Does 1-99, and Jane Does 1-99 ("Defendants"), to which Plaintiff Freedom Watch, Inc. ("Plaintiff") filed a response in opposition (Doc. No. 18). With leave of court, Defendants filed a Reply thereto (Doc. No. 22). The Court held a hearing on this matter on June 21, 2013. Plaintiff's Amended Complaint (Doc. No. 5) is due to be dismissed without prejudice for improper venue.

## I. BACKGROUND

The Complaint contains two causes of action. First, Plaintiff alleges a violation of the Federal Advisory Committee Act ("FACA" or the "Act"), 5 U.S.C. App. 2 §§ 1–16, which requires agencies under its purview to publish documents and allow members of the public to attend agency meetings. Defendants' failure to comply with FACA allegedly precludes Plaintiff from fulfilling "one of its primary functions[:] monitoring and safeguarding . . . the public trust and interest." (Am. Compl. ¶ 20.) Second, Plaintiff claims Defendants violated Freedom of Information Act ("FOIA") provisions that are incorporated into FACA at 5 U.S.C. App. 2 § 10. The government moves to dismiss on several grounds, including improper venue.

## II. VENUE

FACA does not contain its own venue statute, so venue is determined using the generally applicable statute for actions where the defendants are officers or employees of the United States, or any agency thereof, acting in their official capacities. Pursuant to 28 U.S.C. § 1391(e), venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides if no real property is involved in the action."

Dismissal for improper venue is permitted pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Court draws all reasonable inferences in Plaintiff's favor, but "a district court may examine facts outside the complaint to determine whether its venue is proper" and does not have to accept as true the facts alleged in the Complaint "as the exclusive basis for decision." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239, 1239 n.22 (11th Cir. 2012) (citations and quotation marks omitted).

If Plaintiff did not comply with § 1391(e), and Defendant objects to Plaintiff's chosen venue, then "the action cannot be heard in that federal district, even though the court may have jurisdiction over the subject matter and over the defendant's person." 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3801 (3d ed. 2007) ("Wright & Miller"). Under the applicable venue statute, 28 U.S.C. § 1391(e), a civil action against an officer or employee of the United States may be brought in any district in which the plaintiff resides. Where, as here, the plaintiff is a corporation, "resides" means "the judicial district in which [the corporation] maintains its principal place of business." 28 U.S.C. § 1391(c)(2). The Eleventh Circuit has determined that for purposes of § 1391(e), a corporate plaintiff resides only in the district in which it is incorporated. *Flowers Indus., Inc. v. FTC*, 835 F.2d 775, 777 (11th Cir. 1987) (per curiam); *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp. 2d 1290, 1302 (N.D. Ala.

2003); 14D Wright & Miller § 3815. Venue is decided based on the facts at the time the Complaint is filed. *Flowers*, 835 F.2d at 776 n.1 (citations omitted).

The Complaint states that "Plaintiff conducts business and has a presence in Ocala, Florida." (Am. Compl. ¶ 3.) There are no other facts in the Complaint creating an inference that Plaintiff actually resides in this district. In its Response, Plaintiff claims that it is "now located in Ocala, Florida," and that its "national headquarters" is located at "2775 NW 49th Ave., Suite 205-345, Ocala, Florida." (Resp. (Doc. No. 18) 10, 10 n.1.) Plaintiff also claims that it should be considered a resident of Florida because its Chairman and General Counsel, Larry Klayman, resides in Ocala.

Venue in the Middle District of Florida is improper based on these facts and the Court's examination of relevant facts outside the Complaint. First, Plaintiff's counsel admitted at oral argument that Plaintiff was incorporated in the District of Columbia, not Florida. This admission alone is sufficient to warrant dismissal for improper venue. Second, Defendants attached exhibits to their Reply brief that strongly suggest that Plaintiff's Ocala "headquarters" is a post office box at a UPS store. (*See* Defs.' Reply Ex. A (Doc. No. 22-1).) Third, Defendants attached a screenshot of the "Contact Us" page on Plaintiff's website, which shows a Washington D.C. address. (*Id.* Ex. B (Doc. No. 22-2).) Finally, Plaintiff, which is a separate and distinct legal entity with the capacity to sue and be sued in its own name, fails to offer any legal authority to suggest that its residency should be based on that of its Chairman.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.     The Motion to Dismiss for improper venue (Doc. No. 10), filed on February 27, 2013 by Defendants Barack Obama, Joseph R. Biden, Obama Gun Control Task Force, John Does 1-99, and Jane Does 1-99, is **GRANTED without prejudice**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 24, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties