UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| FREEDOM WATCH, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No: |
| | ) 5:13-CV-26-Oc-22 ACC-PRL |
| THE HONORABLE BARACK OMAMA, President of the United States of America, THE HONORABLE JOSEPH R. BIDEN, Vice-President of the United States of America, OBAMA GUN CONTROL TASK FORCE, and JOHN DOES 1 – 99 and JANE DOES 1 – 99. | ) ) ) ) ) ) ) |
|     Defendants. | ) ) |

**OPPOSITION TO PLAINTIFF'S MOTION TO
AMEND COMPLAINT AND TO REINSTATE CASE**

**INTRODUCTION**

On June 24, 2013, the Court dismissed plaintiff's Amended Complaint for improper venue (Dkt. 25). Plaintiff now takes the unusual step of seeking to amend its complaint after this action has been dismissed. Even if such a motion were permitted at this juncture, plaintiff's proposed Second Amended Complaint contains no new allegations that would establish that venue is proper in this judicial district, and hence the motion to reinstate the case and amend the complaint should be denied as futile.

**BACKGROUND**

Plaintiff is a nonprofit corporation incorporated in the District of Columbia. See Proposed Second Amended Complaint (Dkt. 26-1), ¶ 4 and Exhibit B to plaintiff's Motion to Amend Complaint and to Reinstate Case ("Motion") (Dkt. 27). At the time of

1

the filing of this civil action (January 15, 2013), plaintiff's principal place of business, as demonstrated by the "contact us" portion of its webpage, was in Washington, D.C. See Motion to Dismiss (Dkt. 10) at 9, n. 2.

On February 27, 2013, defendants moved to dismiss plaintiff's Amended Complaint for failure to state a claim, lack of subject matter jurisdiction and improper venue (Dkt. 10). Following briefing and argument, the Court, by Order dated June 24, 2013, granted defendants' motion to dismiss (without prejudice) on the grounds of improper venue, and thus did not reach defendants' merits arguments (Dkt. 25). In granting that motion, the Court noted that plaintiff is incorporated in the District of Columbia, not Florida, and that defendants' exhibits included a screen shot of plaintiff's web page reflecting a Washington, D.C. address. Id. at 3.

Plaintiff's proposed Second Amended Complaint alleges claims under the Federal Advisory Committee Act, 5 U.S.C. App. 2 ("FACA"), the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and, for the first time, under the Administrative Procedure Act, 5 U.S.C. § 701, et seq. The complaint also alleges, for the first time, that Freedom Watch's "principal place of business and national headquarters" is located in Ocala, Florida, Second Amended Complaint (Dkt. 26-1), ¶ 3, but concedes that its place of incorporation is incorporated in the District of Columbia, id. ¶ 4. The Second Amended Complaint also contains allegations about Freedom Watch's activities in Florida, id. ¶¶ 6 – 7 as well as the Florida ties of its Chairman and General Counsel, id. ¶¶ 8 – 10.

ARGUMENT

**The Court Should Deny Plaintiff's Motion to File a Second Amended Complaint as Futile**

This Circuit has recognized that after the dismissal of a complaint, plaintiff may still move the court for leave to amend. Czeremcha v. Int. Ass'n of Machinists and Aerospace Workers, 724 F.2d 1552, 1556, (11th Cir. 1984). "Such a motion would be inappropriate, however, if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Id. at 1556, n.6. (emphasis added). Here, given the undisputed facts relevant to plaintiff's corporate organization and location, it is impossible for plaintiff to amend its complaint in a manner that would establish venue in this judicial district, and hence the amendment request should be denied as futile.

First, plaintiff concedes, as it must, that it is incorporated in the District of Columbia. This concession is dispositive of the venue issue, as the Eleventh Circuit has recognized that for purposes of venue under 28 U.S.C. § 1391(e), the general venue provision for suits against the federal government, "a corporation reside[s] only in the state of incorporation." Flowers Industries, Inc. v. F.T.C., 835 F.2d 775, 777 (11th Cir. 1987). Thus, all of Freedom Watch's added allegations about its activities in Ocala, Second Amended Complaint, ¶¶ 6 – 7, do not alter the crucial fact that it is not incorporated in Florida.[1] Both this Circuit and the Supreme Court have long recognized that "a district court may properly deny leave to amend the complaint under Rule 15(a)

---

[1] Equally irrelevant is the fact that on May 30, 2013 the Florida Department of State informed Freedom watch that it is "now authorized to transact business in Florida," Exhibit B to Motion. That letter appears to reinstate plaintiff's status as an "active" corporation on the Florida Department of State's webpage, *see* Defendants' Reply at 2 (demonstrating that plaintiff's corporate status had been revoked as of May 1, 2013), but has no bearing on venue under section 1391(e).

3

when such amendment would be futile." Hall v. United Ins. Of America, 367 F.3d 1255, 1262 – 63 (11th Cir. 2004), citing Foman v. Davis, 371 U.S. 178, 182 (1962).

Even were the Court to take into account the physical location of plaintiff's principal place of business, it should still deny the proposed amendment as futile. Plaintiff's January 30, 2013 Amended Complaint alleged only that it "conducts business and has a presence in Ocala, Florida." Amended Complaint (Dkt. 5), ¶ 3. In its Second Amended Complaint, plaintiff now alleges that its "principal place of business and national headquarters" is in Ocala. Second Amended Complaint (Dkt. 26-1), ¶ 3. Even assuming that an apparent post office box can qualify as a place of business for purposes of determining where a corporation resides,[2] plaintiff's purported change in the location of its principal place of business is irrelevant for purposes of determining venue. As this Circuit has held, "venue must be determined based on the facts at the time of filing." Flowers Industries, supra, 835 F.2d at 776, n. 1. See also Mullen v. Torrance, 9 Wheat. 537, 539 (1982)("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events."). And defendants have demonstrated that as of a few weeks after filing, plaintiff's webpage listed its principle place of business as 2020 Pennsylvania Ave. in Washington, D.C. Therefore, because plaintiff's proposed Second Amended Complaint fails to demonstrate that venue is proper in this district under any interpretation of section 1391(e), the proposed amendment would be futile and hence plaintiff's motion should be denied.

---

[2] The webpage of the Division of Corporations of the Florida Department of State identifies plaintiff's Ocala address as that of its registered agent. However, the State's webpage identifies Freedom Watch's "Principal Address" as 2020 Pennsylvania Ave, NW, Suite 345, Washington, DC 20006. See http://search.sunbiz.org (August 6, 2013 screenshot attached hereto as Exhibit 1).

Second, the Second Amended Complaint also realleges a FOIA claim. Even assuming that plaintiff has properly alleged a valid FOIA claim,[3] the application of the FOIA venue statute, 5 U.S.C. § 552(a)(4)(B), results in the same conclusion. FOIA authorizes venue in four locations: (1) where the complainant resides; (2) where it has its principal place of business; (3) where the agency records are situated; or (4) the District of Columbia. Id. At least one court has applied case law drawn from interpreting general federal venue statutes to FOIA's Section 552(a)(4)(B), concluding that the state of incorporation should determine a corporation's principal place of business for purposes of FOIA litigation. Sierra Club v. USDA, 2008 WL 5273726 (N.D. Cal. 2008) at 3. Federal courts have consistently looked to the state of incorporation for purposes of determining venue when a corporation is a party to litigation. See Flower Industries, supra, 835 F.2d 777; Tenneco Oil v. EPA, 592 F.2d 897, 899 (5th Cir. 1979); Suttle v. Reich Bros. Const. Co., 333 U.S. 163, 166 – 67 (1948). Thus, venue in this district for Freedom Watch's FOIA claim is also improper, and hence permitting amendment as to this claim would also be futile.

Finally, Freedom Watch's Motion, as well as this Court's Order of June 24, are directed exclusively to the venue issue and, consequently, we have limited argument to that issue. However, Freedom Watch's Second Amended Complaint purports to address pleading defects identified in the merits arguments presented in defendants' Motion to Dismiss. See e.g. Second Amended Complaint, ¶ 46 ("Given the clear congressional intent and public policy concerns, President Obama is clearly subject to review under the

---

[3] The FOIA is not "incorporated into FACA" as plaintiff asserts, see Second Amended Complaint, p. 9, caption of Count II. Instead, the FACA contains a separate provision, 5 U.S.C. App. 2, § 10(b), providing the public with the right to inspect and copy the records of an advisory committee.

APA."). Plaintiff specifically asserts that its Second Amended Complaint "contains detailed facts establishing its right to bring this action. . ." Motion at 7. Defendants disagree, and continue to maintain that plaintiff's claims, even as realleged, are insufficient as a matter of law. Should the Court grant leave to amend, defendants would file a renewed motion to dismiss under Fed. R. Civil P. 12(b)(1) and (6) addressing these deficiencies.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion for leave to file a Second Amended Complaint should be denied.

Dated:  August 8, 2013  Respectfully Submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. O'NEILL
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ *Daniel Bensing*
DANIEL BENSING
Senior Counsel
(D.C. Bar No. 334268)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 6114
Washington D.C. 20530
Tel.: (202) 305-0693
Fax:  (202) 616-8460
Email:  Daniel.Bensing@USDOJ.gov

Attorneys for Defendants.

CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2013 I electronically filed the foregoing Opposition to Plaintiff's Motion to Amend Complaint and Reinstate Case with the Clerk of the Court by using the CM/ECF system.

      /s/ *Daniel Bensing*
      DANIEL BENSING