# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**FREEDOM WATCH, INC.,**

      **Plaintiff,**

v.                                                      **Case No:  5:13-cv-26-Oc-22PRL**

**BARACK OBAMA, JOSEPH R. BIDEN, OBAMA GUN CONTROL TASK FORCE, JOHN DOES 1-99 and JANE DOES 1-99,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Freedom Watch, Inc.'s ("Plaintiff") Motion to Amend Complaint and to Reinstate Case (Doc. No. 26), to which Defendants Barack Obama, Joseph R. Biden, Obama Gun Control Task Force, and John and Jane Does ("Defendants") filed a Response in opposition (Doc. No. 29). For the following reasons, the Motion will be denied.

On June 24, 2013, after conducting a motion hearing, the undersigned dismissed Plaintiff's amended complaint for improper venue (Doc. No. 25). Approximately one month later, Plaintiff returned to this Court with a second amended complaint that purportedly solved the venue issue while providing more detailed facts on the merits of the case. After reviewing the parties' submissions regarding the instant Motion, it is clear that there has been no change in the relevant facts underlying the previous dismissal Order, and any amendment would be futile.

Pursuant to Rule 15, a party may amend its pleading more than once only with consent of the opposing party or leave of court, which should be given freely "when justice so requires."

Fed. R. Civ. P. 15(a)(2). In the Eleventh Circuit, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) (citation omitted). At this stage of litigation, the Court will deny leave to amend only where it is clear that Plaintiff's claims, as amended, would still be dismissed as a matter of law. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Dismissal for improper venue is permitted pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Court draws all reasonable inferences in Plaintiff's favor, but "a district court may examine facts outside the complaint to determine whether its venue is proper" and does not have to accept as true the facts alleged in the Complaint "as the exclusive basis for decision." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239, 1239 n.22 (11th Cir. 2012) (citations and quotation marks omitted).

The proposed Second Amended Complaint still does not allege, as it cannot, that Plaintiff is incorporated in this district. In this case, venue is determined using the generally applicable statute for actions where the defendants are officers or employees of the United States, or any agency thereof, acting in their official capacities. Pursuant to 28 U.S.C. § 1391(e), venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides if no real property is involved in the action." The Eleventh Circuit has determined that for purposes of section 1391(e), a corporate plaintiff resides only in the district in which it is incorporated. *Flowers Indus., Inc. v. Fed. Trade Comm'n*, 835 F.2d 775, 777 (11th Cir. 1987) (per curiam) (basing decision on legislative history and case law from sister circuit courts of appeals); *A.J.*

*Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp. 2d 1290, 1302 (N.D. Ala. 2003); 14D Wright & Miller § 3815.

Venue is decided based on the facts at the time the Complaint is filed. *Flowers*, 835 F.2d at 776 n.1 (citations omitted). This should end the Court's inquiry on this issue, but even if venue could somehow become proper based on changed factual circumstances during the pendency of a lawsuit, there has been no such change in the facts of this case. Plaintiff continues to admit, as it must, that it is incorporated in Washington, D.C. (*See* proposed Second Am. Compl. (Doc. No. 26-1) ¶ 4.) Under binding Eleventh Circuit precedent in *Flowers* and consistent with fellow district courts' application of the same, venue is improper in this district. Plaintiff makes much of some cosmetic changes to its website and a letter from the "Florida Department of State, Division of Corporation [sic]" stating that Plaintiff is now authorized to transact business in Florida. Yet, as Defendants point out, the same Division of Corporations' public records (a) confirm that Plaintiff is incorporated in the District of Columbia, and (b) list a Washington D.C. address as Plaintiff's "Principal Address" and "Mailing Address." (Doc. No. 29-1.) The only Florida address contained in the Division of Corporations' records for Plaintiff is that of its registered agent, Larry Klayman; that address appears to be the same post office box Plaintiff offered as its "principal place of business" the first time the Court considered the venue issue. Clearly, the registered agent's address is not the same as the corporation's corporate or principal address.

Based on the foregoing, it is **ORDERED** that Plaintiff Freedom Watch, Inc.'s Motion to Amend Complaint and to Reinstate Case (Doc. No. 26), filed July 24, 2013, is **DENIED**.

- 4 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 15, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties